United States District Court
Southern District of Texas
**ENTERED**
September 13, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA INES JURADO, | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 7:21-cv-00268 |
| VS. | § | |
| | § | |
| CONNIE COBB; et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers "Defendant Fay Servicing LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6) and Motion for Sanctions."[1] Plaintiff has not filed a response and the time for doing so has passed, rendering Defendants' motion unopposed by operation of this Court's Local Rule.[2] The motion is now ripe for consideration.

### I. BACKGROUND

This is a foreclosure case involving 510 Cardinal Ave, McAllen, Texas 78504 (Subject Property).[3] In Plaintiff's complaint, she alleges that on September 11, 2019, her husband, "Feliciano Jurado," "executed a document titled Deed with Vendor's Lien Fay Servicing, LLC."[4]

---

[1] Dkt. No. 6.

[2] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

[3] Plaintiff's complaint desribes the property only as: "LOT 27 BLOCK 3 THE VILLAGE TOWNHOUSE SUBDIVISION, AN ADDITION TO THE CITY OF MCALLEN, HIDALGO COUNTY, TEXAS ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 21 PAGE 175 MAP RECORDS OF HIDALGO COUNTY, TEXAS." However, the attached "Appointment of Substitute Trustee and Notice of Substitute Trustee Sale" includes the "Reported Property Address" as 510 Cardinal Ave, McAllen, Texas 78504. Dkt. No. 1-3 at 8 & 15.

[4] Dkt. No. 1-3 at 9.

On review of the attached "Appointment of Substitute Trustee and Notice of Substitute Trustee Sale," the Court notes that the referenced "document" was a Promissory Note for $154,000 secured by a Deed of Trust on the Subject Property executed by Feliciano Jesus Jurado Chein (Feliciano Jurado) and Pablo Jurado Tanco (Pedro Tanco).[5] Plaintiff does not allege that she is a party to either of these instruments, or any other agreements between the signatories and Defendant Fay or the original mortgagee.[6] Furthermore, the only interest Plaintiff claims in the Subject Property is through her relationship to Feliciano Jurado, however, she does not provide any specifics about her alleged interest in the Subject Property.[7]

Defendant Fay provides more information regarding the Note and Deed of Trust underlying this suit. Specifically, it provides that on or about September 11, 2019, Feliciano Jurado and Pablo Jurado

> executed a Deed of Trust to secure payment of a Commercial Note (collectively the "Loan") payable to Lender Civic Financial Services, LLC in the original principle sum of $154,000.00 encumbering the real property identified by street address as 510 Cardinal Ave, McAllen, TX 78504 (the "Subject Property").[8]

Defendant Fay further provides that "the Loan was for commercial purposes and matured on 10/01/2020."[9] Subsequently, "all right and interest under the mortgage were transferred to Taenite Asset Trust," for which Fay Servicing, LLC is the mortgage servicer.[10] Thereafter, "the loan matured and all sums due were not paid" so Defendant Fay Servicing, LLC initiated foreclosure proceedings.[11] Defendant Fay send Notice of Intent to foreclose on October 9, 2020, and a written

---

[5] Dkt. No. 1-3 at 14.
[6] *Id.* at 9–13.
[7] *See id.*, ¶ 8.
[8] Dkt. No. 6 at 3, ¶ 3.
[9] *Id.* at 3–4, ¶ 3.
[10] *Id.* at 4, ¶ 4–5.
[11] *Id.*, ¶ 5.

Foreclosure Notice on January 16, 2021 after the full amount was not paid by the date in the Notice of Intent.[12]

This is third in a total of four suits attempting to prevent Defendant Fay's foreclosure sale of the Subject Property.[13] The first two cases were brought by the signatories[14] to the promissory note secured by the deed of trust on the Subject Property—Pedro Pablo Jurado Tanco[15] and Feliciano Jesus Jurado Chein.[16] The first case was filed in Hidalgo County Court on February 26, 2021 and subsequently removed to federal court where it was dismissed on April 16, 2021.[17] The second case was filed soon after on April 29, 2021, and again removed to federal court where it was dismissed on July 28, 2021.[18] In both these case, the plaintiffs were represented by attorney Juan Angel Guerra.[19] The third and instant case was filed on July 2, 2021 by *pro se* Plaintiff Maria Ines Jurado, who alleges she is the wife of Feliciano Jurado.[20] The fourth case was filed by Feliciano Jurado, under the name Feliciano Chein, on September 2, 2021.[21]

Defendants filed their motion to dismiss on August 5, 2021.[22] Plaintiff Maria Ines Jurado has not filed a response. The motion is ripe for consideration. The Court now turns to its analysis.

---

[12] *Id.*, ¶ 6.
[13] Dkt. No. 11; *see* Case Nos. 7:21-cv-00085;  7:21-cv-000174;  7:21-cv-000332.
[14] Dkt. No. 1-3 at 14.
[15] *See* Case No. 7:21-cv-00085,  Dkt. No. 1.
[16] *See* Case No. 7:21-cv-000174,  Dkt. No. 1.
[17] Case No. 7:21-cv-00085,  Dkt. No. 1 & 12.
[18] Case No. 7:21-cv-000174,  Dkt. No. 13.
[19] *See* Case Nos. 7:21-cv-00085;  7:21-cv-000174.
[20] Dkt. No. 1-3 at 9.
[21] *See* Case No. 7:21-cv-000332,  Dkt. No. 1.
[22] Dkt. No. 6.

## II. DISCUSSION

### a. Jurisdiction

Defendants argue that this Court has diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and there is diversity of citizenship because the citizenship of the non-diverse substitute trustee Connie Cobb should be disregarded, as an improperly joined defendant.[23] An improperly joined non-diverse defendant does not prevent successful removal to federal court based on diversity jurisdiction.[24] Joinder is improper when a plaintiff is unable to establish a cause of action against the non-diverse party in state court.[25] The Texas Property Code provides immunity to substitute trustees acting in good faith and within the scope of their authority.[26] Because Plaintiff does not allege bad faith on behalf of substitute trustee Connie Cobb or that she acted outside the scope of her duties,[27] she is immune from suit and thus improperly joined in this action. Accordingly, the Court **DISMISSES** substitute trustee Connie Cobb from this action and finds diversity jurisdiction under 18 U.S.C. § 1332 proper in this case. Thus, Fay Servicing, LLC remains as the sole defendant.

---

[23] Dkt. No. 1 at 4.

[24] *Lassberg v. Bank of Am., N.A.*, 660 F. App'x 262, 266 (5th Cir. 2016) (citing *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) ("[T]he presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.")); *Lassberg*, 660 F. App'x at 266 (citing *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) ("A party to a complaint is 'nominal' and thus disregarded for diversity purposes if 'in the absence of [that party], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'")); *Smallwood v Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004); *Chesapeake & Ohio R.R. v. Cockrell*, 232 U.S. 146, 152 (1914) (diverse defendants, upon showing that joinder of nondiverse party was "without right and made in bad faith," may successfully remove the action to federal court).

[25] *Smallwood.*, 385 F.3d at 573 (5th Cir. 2005). (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).

[26] Tex. Prop. Code § 51.007; *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x 274, 277 (5th Cir. 2014) ("[T]he Texas Property Code creates a qualified immunity for mortgage trustees who make good faith errors . . . [Plaintiff] does not provide any allegations that [Defendant Trustee] was acting in bad faith, and therefore has no reasonable basis for recovery.").

[27] Dkt. No. 1-3.

**b. Legal Standard**

The Court uses federal pleading standards to determine the sufficiency of a complaint.[28] "A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges a plaintiff's right to relief based upon those facts."[29] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[30] The Court reads the complaint as a whole[31] and accepts all well-pleaded facts as true (even if doubtful or suspect[32]) and views those facts in the light most favorable to the plaintiff (because a Rule 12(b)(6) motion is viewed with disfavor[33]), but will not strain to find inferences favorable to the plaintiff,[34] but also will not indulge competing reasonable inferences that favor the Defendant.[35] A plaintiff need not plead evidence[36] or even detailed factual allegations, especially when certain information is peculiarly within the defendant's possession,[37] but must plead more than "'naked assertion[s] devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss.[38]

---

[28] *See Genella v. Renaissance Media*, 115 F. App'x 650, 652–53 (5th Cir. 2004) (holding that pleadings must conform to federal pleading requirements).

[29] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted).

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[31] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").

[32] *Twombly*, 550 U.S. at 555–56.

[33] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted."'")).

[34] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

[35] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).

[36] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 240–41 (5th Cir. 2016).

[37] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).

[38] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).

In evaluating a motion to dismiss, Courts first disregard any conclusory allegations or legal conclusions[39] as not entitled to the assumption of truth,[40] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[41] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[42] Courts have "jettisoned the [earlier] minimum notice pleading requirement"[43] and the complaint must plead facts that "nudge" the claims "across the line from conceivable to plausible,"[44] because discovery is not a license to fish for a colorable claim.[45] The complaint must plead every material point necessary to sustain recovery; dismissal is proper if the complaint lacks a requisite allegation.[46] However, the standard is only "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."[47]

The Court is limited to assessing only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial

---

[39] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quotation omitted) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

[40] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. Nov. 10, 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

[41] *Iqbal*, 556 U.S. at 678–79; *see also Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

[42] *Iqbal*, 556 U.S. at 678.

[43] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).

[44] *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).

[45] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[46] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[47] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

notice.[48] Attachments to the complaint become part of the pleadings for all purposes,[49] but the Court is not required to accept any characterization of them because the exhibit controls over contradictory assertions,[50] except in the case of affidavits.[51] Because the focus is on the pleadings, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,"[52] but not if the material is a matter of public record[53] and not if a defendant attaches documents to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to her claim."[54]

### c.  Analysis

In Defendant's motion it argues that Plaintiff fails to state a claim upon which relief can be granted.[55] Because Plaintiff is proceeding *pro se,* the Court has construed her pleadings liberally.[56]

To the extent Plaintiff brings a wrongful foreclosure action, Plaintiff does not allege that a foreclosure occurred or that she sustained any material injury.[57] "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."[58] Because Plaintiff fails to allege that a foreclosure occurred, she cannot meet the elements

---

[48] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[49] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing FED. R. CIV. P. 10(c)).
[50] *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014).
[51] *Bosarge v. Miss. Bureau of Narc.*, 796 F.3d 435, 440–41 (5th Cir. 2015) ("[W]hile the affidavits may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with [plaintiff's] allegations.").
[52] FED. R. CIV. P. 12(d).
[53] *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (per curiam) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).
[54] *Causey v. Sewell Cadillac–Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).
[55] Dkt. No. 6.
[56] *See SEC v. AMX, Int'l, Inc.,* 7 F.3d 71, 75 (5th Cir.1993).
[57] *See* Dkt. No. 1-3 at 9.
[58] *See Water Dynamics, Ltd. v. HSBC Bank USA, NA*, 509 F. App'x 367, 368 (5th Cir. 2013); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.).

of "wrongful foreclosure." Accordingly, this cause of action fails to state a claim upon which relief can be granted.

Plaintiff also alleges "the promissory note has not been provided to Plaintiff."[59] However, under Texas law, "the party to foreclose need not possess or produce the note itself."[60] Thus, this claim fails as a matter of law.

Plaintiff further alleges that Defendant "refused to negotiate in good faith to enter into reasonable terms for the reinstatement of the note."[61] The Court interprets this as a claim for violation of the covenant of good faith and fair dealing. Under Texas law, "a duty of good faith is not imposed in every contract but only in special relationships marked by shared trust or an imbalance in bargaining power."[62] Texas courts have consistently held that the mortgagor-mortgagee relationship is not a special relationship that generally gives rise to a fiduciary duty.[63] Here, Plaintiff does not allege that she was a party to the contract with Defendant or that there was any imbalance in bargaining power to give rise to the duty.[64] Accordingly, this claim also fails.

Plaintiff also alleges trespass to try title.[65] To bring a claim for trespass to title in Texas, a plaintiff must show she is entitled to possession and that the defendant dispossessed plaintiff of

---

[59] Dkt. No. 1-3 at 9, ¶ 2.
[60] *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013); *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 688 (S.D. Tex.), aff'd, 582 F. App'x 279 (5th Cir. 2014) (("Plaintiffs' contention that Defendants must produce the original Note in order to foreclose has no merit under Texas law.").
[61] Dkt. No. 1-3 at 9, ¶ 6.
[62] *Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990).
[63] *See id.* at 709-10 ("The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith."); *Johnson v. Wilmington Tr., N.A.*, No. H-18-489, 2019 WL 2453448, at *10 (S.D. Tex. May 16, 2019) ("Texas law does not recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power.") (quotation marks and citations omitted); *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 731 (E.D. Tex. 2011) (same).
[64] Dkt. No. 1-3 at 9, ¶ 6.
[65] *Id.*, ¶ 8.

rightful possession.[66] However, Plaintiff does not allege that she is in rightful possession of the property, let alone that Defendant has dispossessed her of the Subject Property.[67] Accordingly, this claim also fails.

Plaintiff's remaining claims are claims for injunctive and equitable relief.[68] Under both Texas and federal law, injunctive and equitable relief depends on the assertion of a viable underlying substantive cause of action.[69] Because Plaintiff's substantive claims all fail as a matter of law, her claims for injunctive and equitable relief fail as well. Accordingly, even construing Plaintiff's pleadings liberally, the Court is unable to ascertain a claim upon which relief can be granted.

For the foregoing reasons, the Court holds that Plaintiff failed to state a claim upon which relief can be granted. Accordingly, the Court **GRANTS** Defendant's motions to dismiss.[70] All of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

### III. MOTION FOR SANCTIONS

Defendant filed a motion for sanctions in conjunction with its motion to dismiss.[71] Therein, Defendant requests the Court order sanctions against Plaintiff for filing a suit reciting the allegations in two previously dismissed petitions and which it alleges is groundless and filed for

---

[66] *Standard Oil Co. of Tex. v. Marshall*, 265 F.2d 46, 50 (5th Cir. 1959); *Littleton v. Nationstar Mortg. L.L.C.*, No. 02-19-00238-CV, 2020 WL 1949623, at *8 (Tex. App. Apr. 23, 2020), review denied (Sept. 18, 2020); Tex. Prop. Code Ann. § 22.001; Tex. R. Civ. P. 783.
[67] *See* Dkt. No. 1-3 at 9–10.
[68] Dkt. No. 1-3 at 10–11.
[69] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014); *see also Sid Richardson Carbon & Gas. Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) (holding Texas Uniform Declaratory Judgments Act is merely procedural device which does not create any substantive rights or causes of action); *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 938 (5th Cir. 2012) (holding operation of federal Declaratory Judgment Act is procedural only); *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.– Houston [1st Dist.] 2008, no pet.) ("[I]njunction is an equitable remedy, not a cause of action."), *overruled on other grounds*.
[70] Dkt. No. 6.
[71] *Id.*

the purposes of harassment and delay.[72] Specifically, it argues the Court should impose sanctions on Plaintiff under Texas Rule Civil Procedure 13, Chapter 10 of the Texas Civil Practices & Remedies Code,[73] and 28 U.S.C. § 1927.

The Court agrees that the pattern of lawsuits surrounding the foreclosure of the Subject Property demonstrates that the suits are filed for harassment and delay. However, Plaintiff has filed only this one so the Court declines to impose sanctions at this time. Accordingly, the Court **DENIES** Defendant's motion for sanctions. However, the Court warns Plaintiff that if she files another suit based on these same underlying allegations without a proper legal basis, it will be summarily dismissed, and the Court will strongly consider monetary sanctions.

### IV. CONCLUSION AND HOLDING

For the foregoing reasons, the Court holds that Plaintiff failed to state a claim upon which relief can be granted. Accordingly, the Court **GRANTS** Defendant's motions to dismiss.[74] All of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. Defendant's motion for sanctions is **DENIED**.[75]

This case is terminated, and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 13th day of September 2021.

_____
Micaela Alvarez
United States District Judge

---

[72] *Id.* at 13.

[73] Following removal, a federal district court is authorized to issue sanctions under Texas Rule of Civil Procedure 13 and Chapter 10 of the Texas Civil Practices & Remedies Code. *DTND Sierra Invs., LLC v. CitiMortgage, Inc.*, 624 F. App'x 846, 848-49 (5th Cir. 2015); *Thompson v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000).

[74] Dkt. No. 6.

[75] *Id.*